UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA LYNN CHICORA,

        Plaintiff,                      Civil Action No. 18-12636
vs.                                         HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION & ORDER
### (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 22), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 21), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18), (4) GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 19), (5) AND AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S DECISION

Plaintiff Rhonda Lynn Chicora appeals from the final determination of the Commissioner of Social Security that she is not entitled to Disability Insurance Benefits under the Social Security Act. The matter was referred to Magistrate Judge Anthony P. Patti for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 18, 19), and Magistrate Judge Patti issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Chicora's motion for summary judgment (Dkt. 21). Chicora filed objections to the R&R (Dkt. 22), and the Commissioner filed a response (Dkt. 23).

For the reasons that follow, the Court overrules Chicora's objections and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted, Chicora's motion is denied, and the ALJ's decision is affirmed.

#### I. STANDARD OF REVIEW

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

#### II. ANALYSIS

Chicora argues that the magistrate judge erred by (i) failing to consider evidence submitted in the pre-argument portion of her motion for summary judgment, (ii) unilaterally disregarding all medical evidence that falls outside of the March 23, 2014, to December 31, 2015, time frame, (iii) violating the treating physician rule, and (iv) finding that substantial evidence supported the ALJ's

decision that Chicora would be able to engage in competitive gainful employment. Chicora's arguments will be taken in turn.

**A. Objection One**

Chicora argues that the magistrate judge erred by discounting the pre-argument section of her brief because the brief was not properly formatted. Obj. at 2-4.[1] Defendant argues that the magistrate judge addressed the three main issues identified in Chicora's brief and correctly discounted underdeveloped arguments. Def. Mot. at 3. Defendant is correct.

The magistrate judge addressed all developed arguments in Chicora's motion. Where the magistrate judge could not glean the nature of Chicora's argument, because it was merely mentioned in the pre-argument portion of the brief, he noted the issue. Defendant is correct that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 996 (6th Cir. 1997) (citation and marks omitted)). It is a party's burden to raise issues and make the arguments. "Judges are not like pigs, hunting for truffles that might be buried

---

[1] Chicora's brief does not comply with the local rules. Papers filed in this district must comply with Local Rules 7(d)(1)(B) and 5.1(a). Under Rule 5.1(a), the drafter must double space the brief and use a font that is no smaller than 10-1/2 non-proportional font or 14-point proportional font. It is not clear whether the brief is not properly spaced or has an inappropriate font size. Nonetheless, it is clearly a non-compliant brief. By way of illustration, Chicora used a proportional font similar to Times New Roman, thus requiring 14-point font size. A properly formatted brief using a Times New Roman font results in twenty lines of text per page. Chicora's motion for summary judgment brief has twenty-five lines per page, thus giving her a considerably longer brief than the thirty-one pages the magistrate judge allowed.

3

in the record." Knight Capital Partners Corp. v. Henkel AG & Co., KGaA, 930 F.3d 775, 780 (6th Cir. 2019) (internal marks and citations omitted).

Chicora's first objection is overruled.

**B. Objection Two**

Chicora argues that the magistrate judge erred by unilaterally disregarding all medical evidence that fell outside of the March 23, 2014, to December 31, 2015, time frame. Obj. at 5. Chicora is mistaken.

Chicora sought and was denied benefits in a previous Social Security case. See Chicora v. Comm'r of Soc. Sec., No. 15-cv-12690, 2016 WL 4729661 (E.D. Mich. Sept. 12, 2016). Under 42 U.S.C. § 405(h), the prior decision is final and binding on all parties. Additionally, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Id. This is so because § 405(h) is intended to give finality to Social Security decisions, and to prevent Social Security decisions from being repeatedly reconsidered. Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 841 (6th Cir. 1997). In subsequent disability claims, adjudicators must adopt the final decision of the earlier disability decision, "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." Effect of Prior Findings on Adjudication of A Subsequent Disability Claim Arising Under the Same Title of the Soc. Sec. Act-Titles II & XVI of the Soc. Sec. Act, AR 98-4(6) (S.S.A. June 1, 1998); see also Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230,

1232-1233 (6th Cir. 1993) (explaining that claimant must "show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity").

The magistrate judge and the ALJ did not unilaterally disregard all medical records outside of the relevant time frame. As for medical evidence presented in Chicora's first disability case, the ALJ was required to adopt the findings from that case, which the ALJ did expressly. Administrative Record ("AR") at 1081. Chicora concedes that the ALJ was required to do so. Obj. at 5. With respect to new and material evidence, both the ALJ and the magistrate judge considered the evidence. See AR at 1089 (discussing Dr. Castillo's deposition testimony); see also R&R at 11-17 (same).

Because the ALJ and the magistrate judge did not unilaterally disregard all evidence outside of the March 23, 2014, to December 31, 2015, time frame, Chicora's second objection is overruled.

**C. Objection Three**

Chicora argues that the magistrate judge erred by finding that the ALJ provided good reasons for giving less than controlling weight to Chicora's treating physician, Dr. Jane Castillo. Obj. at 6-9.[2] Defendant argues that the ALJ was correct to accord Dr. Castillo's opinion little

---

[2] Chicora also argues that the ALJ erroneously incorporated the findings related to Dr. Castillo from her first Social Security case. Obj. at 6. She argues that this included "the unwarranted, and subsequently debunked conclusion, that Dr. Jane Castillo, M.D., a thirty-year veteran physician with extensive psychiatric background, was not competent to give psychiatric opinion." Id. As noted above, however, the ALJ was required to incorporate such findings. See Acquiescence Rulings 98-4(6). If, as Chicora argues, the ALJ made an erroneous finding with respect to Dr. Castillo's opinion in her first disability case, that was a matter to be resolved in the previous case. Absent new evidence, the prior ALJ's opinion has preclusive effect. With respect to the new evidence, Chicora again argues that the ALJ and the magistrate judge ignored the new evidence. Obj. at 7-8. She represents that the ALJ and the magistrate judge are "silent as to the testimony of Dr. Castillo and the specific issues that are raised in that testimony." Id. at 7. As noted above, this is not so.

5

weight, and that the ALJ was not required to address every piece of evidence in the written decision. Defendant has the better part of the argument.

The treating-physician rule provides for the amount of deference a decision-maker must give to the opinions of a claimant's treating physician. Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009). The regulations define medical opinions as, "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite [the] impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).[3] The treating source's opinion must be given "controlling weight" if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Id. § 404.1527(c)(2).

In declining to give controlling weight to a treating physician's opinion, the ALJ must consider (1) "the length of the treatment relationship" (2) "the frequency of examination," (3) "the nature and extent of the treatment," (4) the "supportability of the opinion," (5) the "consistency . . . with the record as a whole," and, (6) "the specialization of the treating source." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004); see also 20 C.F.R. § 404.1527(c)(2) (outlining factors to be applied in the event a treating physician's opinion is not given controlling weight). The ALJ's reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Rogers, 486 F.3d at 242 (quoting SSR 96-2p, 1996 WL 374188, at *5). A failure

---

[3] Although this regulation was replaced by 20 C.F.R. § 404.1520, it still applies to claims that were, as here, filed before March 27, 2017. 20 C.F.R. § 404.1527.

6

to sufficiently identify those reasons or how those reasons affected the ALJ's consideration of the treating-source opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Id. at 243.

Chicora argues that the ALJ did not give good reasons to discount Dr. Castillo's medical opinion. Obj. at 9. Specifically, she argues that the ALJ did not consider the factors set forth in 20 C.F.R. § 404.1527(c)(2). Her argument is based on the ALJ's following explanation:

> I have considered the deposition testimony of Jane Castillo, MD, the claimant's primary physician. First, Dr. Castillo opined the claimant was totally disabled ([AR at 326]), and the severity of the claimant's impairments meets listings 1.04 and 12.04 ([AR at 330]). The first opinion expresses an ultimate conclusion of disability that, in this administrative process, is reserved for the Commissioner of Social Security. Additionally, both opinions are inconsistent with the physician's own treatment notes and examination findings that reveal little functional limitation or physical abnormality as described above. As such, I give the opinions of Dr. Castillo little weight.

AR at 1089. Listing 1.04 pertains to disorders of the spine, and Listing 12.04 pertains to depressive, bipolar and related disorders.

The ALJ's explanatory paragraph regarding Dr. Castillo's testimony provides good reasons to discount Dr. Castillo's opinion when read in conjunction with the ALJ's discussion of Dr. Castillo's treatment notes and examination findings. AR at 1087-1089. There is no dispute that the ALJ's first reason for discounting Dr. Castillo's opinion is correct, because it touches on issues reserved for the Commissioner. See SSR 96-5p, 1996 WL 374183; see also Obj. at 6 (conceding that these determinations are left for the Commissioner). As to the second reason, the ALJ conducted a thorough examination of Dr. Castillo's treatment notes and examination findings, and he found correctly that they do not reveal the functional limitations or physical abnormalities urged by Chicora. See AR at 855 (Dr. Castillo's 9/11/2014 notes state that Chicora was experiencing pain on flexion/extension LS spine, but that she was not in distress); AR at 854 (Dr. Castillo's

3/19/2015 notes say that Chicora denied myalgias, back pain, joint pain, and falls); AR at 852 (Dr. Castillo's 6/11/2015 notes say that Chicora denied joint, back or neck pain, swelling or stiffness. Although Dr. Castillo also noted Chicora was diagnosed with severe depression in 2010, and that she notes depression in the diagnosis section, there is no discussion of depression in the notes); AR at 849-850 (Dr. Castillo's 8/17/2015 notes observe, under musculoskeletal, that Chicora has normal range of motion and exhibits no edema or tenderness. Chicora also denied depression, suicidal ideation, nervousness, anxiety, and insomnia). As the magistrate judge noted, the ALJ's analysis addresses the supportability and consistency factors. R&R at 13. And the ALJ also considered the specialization factor because he adopted the findings from Chicora's previous disability case where the ALJ in that case found that Dr. Castillo's opinion about Chicora's depression was outside of her area of expertise as a family physician. AR at 89, 1021.

As to the remaining § 404.1527(c)(2) factors, the ALJ was not required to provide a written explanation for each of the remaining factors. Norris v. Comm'r of Soc. Sec., No. 11-cv-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing Tilley v. Comm'r of Soc. Sec., 394 F. App'x 216, 222 (6th Cir. 2010)); see also Francis v. Comm'r Soc. Sec. Admin., 414 F. App'x 802, 804-805 (6th Cir. 2011) (noting that § 404.1527(d)(2) does not require "an exhaustive factor-by-factor analysis"). Nonetheless, the remaining factors related to the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment are all implicitly addressed by the ALJ's chronological analysis of Dr. Castillo's treatment. See AR at 1087-1089.

Additionally, Chicora's new evidence, Dr. Castillo's testimony and supporting exhibits, does not undermine the ALJ's decision. Much of Dr. Castillo's testimony addressed her medical opinion related to Chicora in her previous disability case and how other evidence in the record

8

supports that opinion. See AR at 323-327. However, Dr. Castillo's testimony is merely consistent with her previous opinion. Her opinion does not "show that [Chicora's] condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1232-1233 (6th Cir. 1993).

The ALJ's reasons for discounting Dr. Castillo's opinion are sufficiently specific, and they are clear enough to allow any subsequent reviewer to understand the weight that the ALJ gave to Dr. Castillo's medical opinion and the reasons for that weight. See Rogers, 486 F.3d at 242. Because the ALJ gave good reasons to discount Dr. Castillo's opinion, Chicora's third objection is overruled.

**D. Objection Four**

In her final objection, Chicora argues that the ALJ's disability determination is not supported by substantial evidence. Obj. at 17-18. However, this argument is premised on according Dr. Castillo medical opinions controlling weight. As noted above, the ALJ did not err in giving Dr. Castillo's opinion little weight.

Moreover, the ALJ's decision is supported by substantial evidence in the record. Among other evidence, the ALJ noted that in December 2015, Chicora met with a consultative psychologist, Michael Brady, Ph.D. AR at 873. During the evaluation, Chicora said that she has had depressive symptoms most of her life, but that the symptoms were manageable and that she had been able to work and function well. Id. She also described her daily activities as taking care of her dogs, cleaning her house, and sharing the cooking responsibilities with her family. AR at 874. Dr. Brady diagnosed Chicora with adjustment disorder and mild persistent depressive disorder. Id. at 876. He found that even though Chicora's ability to withstand the normal stressors associated with a workplace setting was somewhat impaired, she had no intellectual deficits and

9

that she had the ability to maintain concentration. Id. at 876. The ALJ gave Dr. Brady's opinion some weight, but found that it underestimated the combined effects of Chicora's musculoskeletal pain and depressive disorder. AR at 1089. Based on Chicora's previous case, Chicora's testimony, and the limitations expressed in an adult function report, the ALJ found greater limitations in this area were warranted. Id. The ALJ's disability determination is supported by substantial evidence.

Chicora argues that ALJ reached his conclusion by cherry-picking facts from the record. Obj. at 12-17. Chicora argues that the Sixth Circuit has reversed district courts under similar circumstances. Id. at 12-14 (citing Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013)). In Gayheart, the Sixth Circuit remanded the case to the ALJ because the panel could not follow the ALJ's reasoning with respect to according the treating physician's opinion little weight. Gayheart, 710 F.3d at 376-377. The ALJ did not explain, for example, what evidence was purportedly inconsistent within the treating physician's opinion. Id. at 377. And it found that the ALJ's reliance on non-treating physician sources to undermine the treating physician's opinion was inconsistent with the treating physician rule, because otherwise the treating physician rule would only have practical force when other sources agreed with treating physician. Id. at 377. That is not the case here. The ALJ's reasons in this case, as noted above, are sufficiently clear because the ALJ explained methodically the evidence in Dr. Castillo's treatment notes that was inconsistent with her conclusion that Chicora's conditions were disabling. This is quite different from the ALJ in Gayheart who failed to discuss the substantial evidence that was inconsistent with the treating physician's opinion, and instead relied on non-treating medical sources to undermine the opinion.

This is not to say there is not substantial evidence in the record to support Chicora's disability claim; but where, as here, the Commissioner's decision is supported by substantial

evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Because, the ALJ did not err in according Dr. Castillo's medical opinion little weight, and the ALJ's decision is supported by substantial evidence, Chicora's final objection is overruled.

### III. CONCLUSION

For the above-stated reasons, the Court overrules Chicora's objections (Dkt. 22) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 21). The Commissioner's motion for summary judgment (Dkt. 19) is granted, Chicora's motion for summary judgment (Dkt. 18) is denied, and the ALJ's decision is affirmed.

SO ORDERED.

Dated: March 30, 2020         s/Mark A. Goldsmith
       Detroit, Michigan      MARK A. GOLDSMITH
                              United States District Judge